Paul Castronovo (015651999)
**CASTRONOVO & McKINNEY, LLC**
71 Maple Avenue
Morristown, NJ 07960
(973) 920-7888
Attorneys for Plaintiff
Ryan Gaynor

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RYAN GAYNOR,<br><br>    Plaintiff,<br><br>v.<br><br>AQUA SURVEY INC. and KENNETH HAYES,<br><br>    Defendants. | Docket No:<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Ryan Gaynor ("Plaintiff"), through his attorneys, Castronovo & McKinney, LLC, files this Complaint and Jury Demand seeking compensatory damages, liquidated damages, attorneys' fees, and costs of suit from Defendants, Aqua Survey Inc. ("ASI"), and Kenneth Hayes (collectively, "Defendants"), and alleges as follows:

**FACTS**

**A.      Jurisdiction, Venue, and Nature of Action**

1.      This is an action brought by Plaintiff alleging violations of the Fair Labor Standards Act ("FLSA").

2.      This Court has federal question subject matter jurisdiction over this action pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

3. Venue is proper in this Court as Plaintiff resides in New Jersey and worked for Defendant ASI at 469 Point Breeze Road, Flemington, Hunterdon County, New Jersey, and the events giving rise to the claims occurred in this District.

4. Defendants withheld overtime wages from Plaintiff and terminated Plaintiff's employment as retaliation for asserting Plaintiff's rights to collect those unpaid overtime wages. These unpaid wages and retaliatory discharge violate the FLSA, 29 U.S.C. §§ 201, *et seq*. and 215(a)(3).

**B.  Plaintiff's Employment, Unpaid Wages, and Protected Activity**

5. Defendant ASI employed Plaintiff as a Deck Hand for from October 2013 through March 28, 2014.

6. For March 12 and 13, 2014, Defendant ASI docked Plaintiff for 7.1 hours of time worked for travelling to Ohio for an assignment.

7. As such, Defendant ASI failed to pay Plaintiff for his 7.1 hours of overtime at his time-and-a-half rate ($30 per hour).

8. As a result, Plaintiff discussed this matter with Executive Vice President Jon Doi who explained that Defendant ASI would not pay Plaintiff for this travel time as a matter of company policy.

9. Plaintiff was dissatisfied with not being paid for time worked so, on March 17, he posted a question on Facebook of, "Does anybody know labor laws or work for the Department of Labor in New Jersey?  If so, please send me a message."

10. Shortly after his post, several coworkers, including Lee Frank, Bill Rotner, and A.J. Mottola, told Plaintiff that Defendant Hayes heard about Plaintiff's Facebook post and to "watch out" because Defendant Hayes was "mad" about it.

11. Mr. Frank repeatedly told Plaintiff to apologize to Defendant Hayes for "making Ken mad."

12. Mr. Rottner also warned Plaintiff that Defendants would not hesitate to fire Plaintiff for his Facebook post.

13. Mr. Mottola told Plaintiff, "You better take that down because it will piss off Ken [Hayes] and you'll wind up getting fired."

14. Around March 22 or 23, Mr. Rottner walked by Plaintiff singing, in a childlike teasing voice, "Ryan's gonna get fired!"

15. On March 24, Defendant Hayes held a company-wide meeting.

16. At that meeting, Defendant Hayes expressed his displeasure at employees in the past who posted on Facebook anything about work.

17. Defendant Hayes then looked at Plaintiff and said, "Not to call you out, but I'm calling you out, Ryan. You just had this problem posting on Facebook."

18. Defendant Hayes then reiterated that Defendants do not want any employee posting on Facebook about work issues.

19. Next in the meeting, Defendant Hayes acknowledged that, "I guess you guys have some concerns about travel time. I don't want anyone to feel ripped off. I want everyone to be overpaid, but we're doing what the lawyers said."

20. Defendant Hayes closed the meeting by assuring everyone that, "Things have been slow but they are going to pick up. We have big jobs coming in."

21. On approximately March 28, Lee Frank met Plaintiff in the parking lot and told him that he had to talk.

22. Mr. Frank then took Plaintiff to his office in the shop and told Plaintiff, "They're laying you off," because Defendant ASI wanted to "cut payroll."

23. Defendant ASI terminated Plaintiff's employment that day.

24. Given the close timing between Plaintiff's assertion of his rights about unpaid overtime and his firing as well as Defendants' statements at the meeting about it, Defendant ASI's stated reason for firing Plaintiff is questionable.

25. As a result, it appears that Defendant ASI's "official reason" for firing Plaintiff is a mere pretext for retaliating against him for asserting his right to receive his unpaid overtime wages.

## COUNT I

### FLSA - Retaliation

26. Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

27. Plaintiff performed his job at a level that met Defendant ASI's legitimate expectations.

28. Plaintiff disclosed to Defendants that Defendant ASI failed to pay his overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

29. In doing so, Plaintiff exercised his rights under the Fair Labor Standards Act.

30. After exercising those rights, Defendant ASI terminated Plaintiff's employment.

31. Plaintiff's termination of employment is causally linked in fact to his complaint of Defendant ASI's failure to pay him for overtime work he performed and, therefore, constitutes retaliation by Defendant ASI.

32. Defendant Hayes is an officer of Defendant ASI and, as such, is individually liable for this unlawful retaliation.

33. Defendants' retaliation violates the Fair Labor Standards Act, 29 U.S.C. §§ 201 and 215(a)(3).

34. Defendants' conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper level management.

35. Due to Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, damages including: lost back pay, lost front pay, and emotional distress.

## COUNT II

### FLSA – Unpaid Wages

36. Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

37. Defendant ASI is a covered employer under the FLSA.

38. Plaintiff is a non-exempt employee of Defendant ASI and, therefore, is protected by the FLSA.

39. Defendant ASI violated the FLSA, 29 U.S.C § 201 et seq., by refusing to pay overtime to Plaintiff, who worked long hours for Defendant ASI to complete his job responsibilities, after Plaintiff worked in excess of 40 hours per week.

40. Due to Defendants' unlawful conduct, Plaintiff has suffered damages lost back pay.

41. Defendant ASI's actions were willful, wanton, malicious and in reckless disregard of Plaintiff's rights.

42. Defendant Hayes is an officer of Defendant ASI and, as such, is individually liable for this willful refusal to pay wages as required by law.

**WHEREFORE**, Plaintiff seeks judgment against Defendants on the each count awarding him compensatory damages, liquidated damages under the FLSA, punitive damages, attorneys'

fees, costs of suit, pre- and post-judgment interest, and all other relief that the Court deems equitable and just.

**CASTRONOVO & McKINNEY, LLC**

Dated: October 3, 2014        By: _____
           Paul Castronovo
           Attorneys for Plaintiff

### DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

**CASTRONOVO & McKINNEY, LLC**

Dated: October 3, 2014        By: _____
           Paul Castronovo
           Attorneys for Plaintiff

### DESIGNATION OF TRIAL COUNSEL

Plaintiff designates Paul Castronovo as trial counsel in this action.

**CASTRONOVO & McKINNEY, LLC**

Dated: October 3, 2014        By: _____
           Paul Castronovo
           Attorneys for Plaintiff